United States District Court
Southern District of Texas
**ENTERED**
January 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE EDWARD THOMPSON, TDCJ # 00408167, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:23-0192 |
| DR. LANETTE LINTHICUM, | § § § | |
| Defendant. | § § | |

## ORDER OF DISMISSAL

Plaintiff Lawrence Edward Thompson, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), proceeds *pro se* in this civil rights action and has not paid the filing fee. He is incarcerated at the Allred Unit in Wichita County. Having reviewed the pleadings and the plaintiff's litigation history, the Court **DISMISSES** this case for the reasons explained below.

Under the "three strikes" rule found in the Prison Litigation Reform Act (PLRA), a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted, unless he is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Once a prisoner has accumulated three qualifying dismissals or strikes for purposes of § 1915(g), he may not proceed without prepayment of the filing fee unless he fits within the imminent danger exception at the time his complaint is filed. *See Brown v. Megg*, 857 F.3d 287, 290 (5th

Cir. 2017); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of imminent danger must be "real and proximate" and allegations regarding past harms do not suffice. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *see Abdul-Akbarv. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).

Thompson has filed numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See Thompson v. Houston Police Dep't*, Civil Action No. 4:17-2138 (S.D. Tex. July 18, 2018) (collecting Thompson's past strikes and dismissing case under § 1915(g)); *Thompson v. Garcia*, Civil Action No. 4:15-0893 (S.D. Tex. June 14, 2016) (same). Thompson therefore may not proceed *in forma pauperis* absent a showing that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Banos*, 144 F.3d at 885.

Thompson filed this lawsuit on January 17, 2023, and requests that the Court apply the imminent danger exception and permit him to proceed *in forma pauperis*. His complaint lists multiple symptoms that he says result from a bacterial infection, including discolored skin, indigestion, rash, sinus issues, coughing a "black substance" from his lungs, and scaly skin (Dkt 1, at 29). He does not provide dates that he suffered from any of the symptoms, although he states that he complained of the rash in June 2021. Thompson also presents a long narrative of events from 2018 through December 31, 2022, stating that he had medical appointments and submitted multiple grievances and complaint letters throughout the period (*id.* at 2-26). According to his narrative for late

2022, Thompson attended nurse appointments on November 16, 2022; November 17, 2022; November 23, 2022; and December 31, 2022 (*id*. at 24-26) (stating that he complained of vertigo and his "heat score" during the appointments in November and December 2022).

Thompson brings claims against one defendant, Dr. Lanette Linthicum, in her capacity as a supervisory official for TDCJ's medical services. He alleges that Linthicum has refused to exercise her supervisory authority over the Allred Unit, despite his 13 letters informing her that he had been denied adequate medical care at the unit. He further alleges that Linthicum's refusal "is the proximate cause of [Thompson] being in imminent danger of serious physical injury" due to the inadequate treatment at the Allred Unit (*id.* at 26-27). He claims that Linthicum should have ordered an investigation into his claims or his transfer to another unit (*id.* at 30).

Thompson's allegations do not sufficiently plead facts that would allow the Court to draw a reasonable inference that he was in imminent danger of serious physical injury at the time he filed his complaint on January 17, 2023. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The dates he provides range from 2018 through December 31, 2022, when he attended a sick call appointment. According to his account, he had medical appointments in late 2022 and complained of vertigo and his "heat score," rather than of the multiple symptoms he attributes to his bacterial infection (Dkt. 1, at 24-26; *see id.* at 29). He does not sufficiently allege imminent danger from any medical condition. To the extent Thompson relies on allegations of past harms to show imminent danger, the allegations do

not satisfy § 1915(g).  *See Banos*, 144 F.3d at 885; *Ciarpaglini*, 352 F.3d at 330; *Abdul-Akbar*, 239 F.3d at 315.  Because Thompson is not otherwise eligible to proceed *in forma pauperis*, the court will dismiss the complaint without prejudice as barred by § 1915(g).

As an additional ground supporting dismissal, the Court notes that, even if Thompson were granted leave to proceed *in forma pauperis* under the imminent danger exception, his complaint would be subject to dismissal under 28 U.S.C. § 1915A because he fails to state a claim under the Eighth Amendment on which relief can be granted.  *See Camp v. Putnam*, 807 F. App'x 303, 306 (5th Cir. 2020) (considering both imminent danger of serious physical injury and the plausibility of the plaintiff's Eighth Amendment claims); *Sawyer v. Die*, 689 F. App'x 814 (5th Cir. 2017) (same).  Thompson's claim regarding the denial of adequate medical care arises under 42 U.S.C. § 1983, which provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation.  *See Pratt v. Harris Cty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016).  Because Thompson was, at all relevant times, a convicted felon in state prison, his claim regarding medical care is governed by the Eighth Amendment, which requires him to demonstrate that a defendant exhibited "deliberate indifference" to his "serious medical needs, constituting an unnecessary and wanton infliction of pain."  *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (cleaned up); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Here, the sole defendant is Linthicum, a supervisory official, who allegedly failed to respond to Thompson's 13 complaint letters about medical care at the Allred Unit.  A supervisory official such as Linthicum may be held liable under § 1983 only if she

affirmatively participates in the acts that case a constitutional deprivation or implements an unconstitutional policy that causes the deprivation. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). However, Thompson does not plead that Linthicum was personally involved in the alleged denial of medical care, but rather than she failed to adequately respond to his letters. *See Delaughter v. Woodard*, 909 F.3d 130, 136-37 (5th Cir. 2018) (a defendant's personal involvement is an essential element of a civil-rights cause of action, meaning that there must be an affirmative link between the injury and a defendant's conduct). Because Thompson has not pleaded facts that could satisfy the standards for supervisory liability, he fails to plead a § 1983 claim against Linthicum. His claims therefore are subject to dismissal under 28 U.S.C. § 1915A(b).

Based on the foregoing, the Court **ORDERS** as follows:

1. Thompson's complaint (Dkt. 1) is **DISMISSED without prejudice** under 28 U.S.C. § 1915(g).
2. All pending motions, if any, are **DENIED as moot**.
3. The Clerk is **INSTRUCTED** to provide a copy of this Order to the plaintiff and to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on January 25, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE